192 F.3d 805 (8th Cir. 1999)
 Phillip Padilla, Plaintiff - Appellee,
v.
South Harrison R-II School District, Defendant-Appellant,
Ed Musgrove, individually and in his official capacity of the Superintendent of Schools of the South Harrison R-II School District; Larry Arney, individually and in his official capacity as a member of the Board of Education of the South Harrison R-II School District; Charles McKinney, individually and in his official capacity as a member of the Board of Education of the South Harrison R-II School District; LaVonne Barber, individually and in her official capacity as a member of the Board of Education of the South Harrison R-II School District; Trent Bugbee, individually and in his official capacity as a member of the Board of Education of the South Harrison R-II School District; Bill Lenhart, individually and in his official capacity as a member of the Board of Education of the South Harrison R-II School District; Bob Butler, only in his official capacity as a member of the Board of Education of the South Harrison R-II School Board; Rick Kampman, only in his official capacity as a member of the Board of Education of the South Harrison R-II School District; Leazenby, only in his official capacity as a member of the Board of Education of the South Harrison R-II School District; Lois Carlisle, individually and in her capacity with the Division of Family Services of the Missouri Department of Social Services; Beth Steinhauser, individually and in her capacity with the Division of Family Services of the Missouri Department of Social Services, Defendants.
 No. 98-1130, 98-1334
 UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT
 Decided October 15, 1999,
 
 1
 Order Denying Petition for Rehearing and for Rehearing En Banc
 
 
 2
 Prior report: 181 F.3d 992.
 
 
 3
 The petition for rehearing en banc is denied. Judge McMillian and Judge Morris Sheppard Arnold would grant the petition.
 
 
 4
 The petition for rehearing by the panel is also denied.
 
 
 5
 McMILLIAN, Circuit Judge, with whom MORRIS SHEPPARD ARNOLD, Circuit Judge, joins, dissenting.
 
 
 6
 I would grant the suggestion for rehearing en banc. I think the court's analysis of the threshold step of whether the speech at issue addressed a matter of public concern included an irrelevant factor and undervalued the context in which the speech was made.
 
 
 7
 This is an unusual First Amendment retaliation case. At issue is the plaintiff's testimony in his own defense at his criminal misdemeanor trial. In response to a highly irrelevant question posed by the prosecuting attorney on cross-examination, the plaintiff expressed an opinion on the propriety of a sexual relationship between a teacher and a non-student minor. The court holds that the plaintiff's opinion is not entitled to First Amendment protection because "such testimony does not relate to the teacher's legitimate disagreement with a school board's policies and thus does not address a matter of public concern." 181 F.3d 992 at 996.
 
 
 8
 I do not agree that only topics about which there can be "legitimate disagreement" can be matters of public concern. "The inappropriate or controversial character of a statement is irrelevant to the question whether it deals with a matter of public concern." Rankin v. McPherson, 483 U.S. 378, 387, 97 L. Ed. 2d 315, 107 S. Ct. 2891 (1987). For example, in Rankin v. McPherson, the statement at issue expressed the hope that the President would be murdered. See 483 U.S. at 386-87. The Court considered the political context in which was made and held that it "plainly dealt with a matter of public concern." Id. at 386. In my view, whether there is room for legitimate disagreement would be relevant in the second or Pickering balancing step of the protected speech analysis in which the employee's interest in communicating information on matters of public importance is weighed against the employer's legitimate interests in preventing disruption and inefficiency in the provision of public service. See Pickering v. Board of Education, 391 U.S. 563, 568, 20 L. Ed. 2d 811, 88 S. Ct. 1731 (1968).
 
 
 9
 The reason why the courts decide whether the speech at issue addressed a matter of public concern is to determine whether the employee was speaking "as a citizen upon matters of public concern" or "as an employee upon matters only of personal interest." Connick v. Myers, 461 U.S. 138, 147-48, 75 L. Ed. 2d 708, 103 S. Ct. 1684 (1983). This is because employee speech as an employee upon matters of only personal interest is of relatively low value in First Amendment terms. See id. at 147. The public concern v. personal interest test considers the content, form and context of the speech at issue. See id. at 147-48. Although I think the speech at issue in the present case addressed a matter of public concern because of both its form (sworn testimony) and its content (about sexual relationships between teachers and non-student minors), I would argue that this speech was a matter of public concern because of its context alone. Testimony in a judicial proceeding is inherently a matter of public concern. See Johnston v. Harris County Flood Control District, 869 F.2d 1565, 1577-78 (5th Cir. 1989) (employee's testimony in EEO hearing in county court about personnel dispute between employer and another employee held to be "inherently of public concern" because of its context) (citing similar cases), cert. denied, 493 U.S. 1019, 107 L. Ed. 2d 738, 110 S. Ct. 718 (1990); cf. Green v. Philadelphia Housing Authority, 105 F.3d 882, 887 (3d Cir.) (holding employee's voluntary appearance as character witness at bail hearing (employee did not testify) was a matter of public concern), cert. denied, 139 L. Ed. 2d 26, 118 S. Ct. 64 (1997); Pro v. Donatucci, 81 F.3d 1283, 1287-91 (3d Cir. 1996) (holding employee's appearance pursuant to subpoena to testify by supervisor's wife in divorce action (employee was not called to testify) was a matter of public concern). But cf. Workman v. Jordan, 32 F.3d 475, 483 (10th Cir. 1994) (holding employee's testimony at his own grievance proceeding was not a matter of public concern), cert. denied, 514 U.S. 1015, 131 L. Ed. 2d 215, 115 S. Ct. 1357 (1995); McCusker v. City of Atlantic City, 959 F. Supp. 669, 673-74 (D.N.J. 1996) (holding employees' attendance at co-worker's criminal trial to show their support was not a statement on a matter of public concern). "Not only would the the first amendment right of the witness be infringed by [the fear of official retribution for testifying truthfully], the judicial interest in attempting to resolve disputes by arriving at the truth would be in jeopardy." Reeves v. Claiborne County Board of Education, 828 F.2d 1096, 1100 (5th Cir. 1987) (employee testified in co-workers' civil rights action against employer). In addition to the First Amendment and the integrity of the judicial process, the Sixth Amendment right of a criminal defendant to testify in his or her own defense would not be served if the fear of retaliation "effectively muzzled" the defendant. See Smith v. Hightower, 693 F.2d 359, 368 (5th Cir. 1952) (retaliatory prosecution against sheriff and deputies who had testified unfavorably to district attorney in grand jury proceeding, writ hearing and trial).
 
 
 10
 Finally, although I would argue that the employee's interest in testifying in his or her own defense in a criminal trial clearly outweighs the public employer's interest in promoting the effectiveness and efficiency of the public services it performs, if the employer can show that such speech could potentially disrupt the workplace, then the speech would not be protected by the First Amendment, even though it involved a matter of public concern.